CASE 14—EQUITY—MARCH 17, 1883.

# McArthur, &c., v. Nelson, &c.

81   67
97   150
81   67
116   415
81   67
116   415

APPEAL FROM CAMPBELL CHANCERY COURT.

1. The act, entitled " An act to authorize the construction and mainte-
   nance of a court-house in Campbell county," approved April 17th,
   1882, is constitutional.
2. The object of the act is the building of a court-house, and all the vari-
   ous sections of the act having a direct connection with the subject-
   matter expressed in the title must be regarded as necessary to carry
   into execution the legislative intent.
3. The power to appoint commissioners was necessary to accomplish the
   purpose in view.
4. The creation of the district is not repugnant to the title because the
   district embraced a smaller territory prior to the act.
5. The commissioners to receive the taxes and apply them to the build-
   ing of the court-house cannot be regarded as district officers within
   the provision of the constitution forbidding the creation of any office
   the term of which shall be for a longer time than four years.
6. Although the duties of these commissioners may continue for four
   years, and even longer, it does not violate any constitutional pro-
   vision.

T. P. MAKIBBEN, JESSE ARTHUR, AND J. R. HALLAM FOR AP-
PELLANTS.

1. This court has repeatedly held that where an act contains different
   subjects, some of which are stated in the title and some not, those
   referred to in the title are valid, and those not are invalid. (Rush-
   ing v. Sebree, 12 Bush, 200 ; Jones v. Thompson, *Ib.*, 394 ; Fuqua v.
   Mullen, 13 *Ib.*, 470.)
2. The title of the act relates to the construction and maintenance of a
   court-house in Newport, and only those provisions germane to it are
   valid.
3. Whilst nothing in the title of the act has any relation to provision for
   the poor, the twelfth section directs the court-house district to pro-
   vide for its own poor. This is not within the title of the act.
4. As to the commissioners provided for by the act, the constitution re-
   stricts the tenure of office to four years. (Act February 27, 1856 ;
   1 Stant. Rev. Stat., 345 ; Act February 26, 1883 ; Session Acts 1867,
   393 ; Speed v. Crawford, 3 Met., 215 ; Const. Hist. Eng., 597 ; Hoke
   v. Commonwealth, 79 Ky.; Cypress Pond Draining Co. v. Hooper, 2
   Met., 354.)

McArthur, &c., v. Nelson, &c.

NELSON & WASHINGTON FOR APPELLEES.

1. The authorities leave no room for doubt as to the power of the legislature to establish the district in question.

2. It is exclusively within that department of our state government to pass judgment upon its propriety or its necessity.

3. As to the title of the act, we maintain that the rule established at an early day, and steadily adhered to ever since, is, that section 37 of the constitution should receive a reasonable and not a technical construction, and that no provision of a statute relating directly or indirectly to the subject expressed in the title having a natural connection therewith, should be deemed within the constitutional inhibition. (79 Ky. Rep., 573, 576, 581; 13 B. Mon., 1–26, 27–32, 33; 9 B. Mon., 344, 345; 17 B. Mon., 190; 2 Met., 169, 219, 353, 354; 3 Met., 569, 575, 576; *Ib.*, 213; 2 Duvall, 24; 8 Bush, 112; *Ib.*, 453; 10 Bush, 271, 605, 613, 691; 11 Bush, 74, 79; 12 Bush, 198; *Ib.*, 394; 13 Bush, 213, 467, 685, 715; Civil Code, sec. 559; 1 Black., 61; 1 Wall., 221; 50 Pa. St. R., 150; 19 *Ib.*, 258; 24 Ind., 194; 11 Wheat., 270; Burroughs on Taxation, 459, 460; 1 Gr. Ev., secs. 4–6; Gen. Stat., chap. 33, art. 5, sec. 1; Potter's Dwarris on Stat., 111, note 8, 145; Potter's Dwarris on Stat., 183, note 5; 203, note 20; Cooley's Const. Lim., top pp. 103, 100, 101; Cooley's Const. Lim., mar. pp. 182, 183, 186; Cooley's Const. Lim., mar. pp. 143, 144, 163, 164; Cooley's Const. Lim., top. pp. 200, sec. 4, 618.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

By certain legislative enactments existing prior to April, 1882, the city of Newport, in Campbell county, was compelled to pay the expenses of the county courts held in that city, and also the salaries of the county judge and county attorney, the county seat being located at Alexandria. By an act approved on the 17th of April, 1882, a district styled the *court-house district* was created, with a view of imposing a tax upon the people within the prescribed boundary sufficient to construct a new court-house within the city of Newport on the site where the present court-house is located. The constitutionality of the act is assailed upon various grounds:

*First.* That the title of the act is misleading.

*Second.* That the commissioners appointed to execute the provisions of the act have no other tenure of office than *to hold* at the pleasure of the judge appointing them.

*Third.* That if any of the provisions of the act are constitutional, those that are unconstitutional being essential to its proper enforcement, the whole law must be held to be invalid.

The act is entitled "An act to authorize the *construction and maintenance of a court-house in Newport, in Campbell county.*"

The first section of the act authorizes the judge of the circuit court to appoint three commissioners, residents of the district, who shall hold their office at the will and pleasure of the judge. It is made the duty of the commissioners to have the court-house constructed at a cost not exceeding $50,000, and, to enable them to raise this money, they are authorized to issue bonds, with coupons attached, bearing interest at five per cent., payable semi-annually; and, to redeem the bonds and pay the interest, they are further empowered to levy an annual tax on the real and personal property in the district, not exceeding twelve cents on the $100, &c.

By the fourteenth section of the act the entire question is submitted to a vote of the people, with two columns in the poll-books, one headed "*for the court-house tax,*" and the other "*against the court-house tax,*" and the result of this vote determined the right of the judge to appoint the commissioners, as well as the right of the latter to proceed in the construction of the building as contemplated by the act.

The election was held in accordance with the law, and a majority favored the construction of the court-house, and

we perceive no valid reason for holding the act to be in violation of the constitution. The voters within the particular boundary had every opportunity to express their views for and against the measure, and certainly none of the provisions of the act to which we have alluded are foreign to the title, but, on the contrary; have a direct reference to it.

The creation of the district in which the vote was to be taken and the tax imposed forms a part of the subject-matter, and that the power to appoint commissioners, when not selected by the legislature, should be vested in some tribunal of the county, was necessary to accomplish the purpose in view is manifest. The object to be accomplished was the *building of a court-house*, and all the various sections of the act having a direct connection with the subject-matter expressed in the title must be regarded as necessary to carry into execution the legislative intent. That the city of Newport had, prior to the passage of the act in question, constituted the district in which taxes were imposed for court-house purposes, did not prevent the legislature from enlarging the district, and requiring those to contribute who, in the opinion of the legislature, were as much interested in having such a public building as the citizens of Newport. While the effect of this act may be to repeal the former acts upon the subject, it is entirely independent of and distinct from previous legislation in regard to the court-house district, and the legislature has said, in building the court-house, the district to be taxed shall be included within a certain boundary. The creation of the district is not repugnant to the title, or objectionable because, prior to the passage of the law, it embraced a smaller territory. One portion of the county has court-house facilities, and another portion, in the opinion of the legislature, requires still greater conve-

niences, made necessary by reason of its population and the amount and character of business transacted. Of such matters the legislators are the judges and not the courts, therefore sections 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 13, 14, 15, having a direct connection with the subject of the title, must be held to be constitutional.

"In the case of local improvements (says Justice Cooley) benefiting, in a special and peculiar manner, some portion of a state, or of a county or city, it is competent to arrange a special taxing district within which the expense shall be apportioned." (496.)

This entire power is within the exercise of legislative discretion, and when sanctioned by a popular vote at an election, where there is no pretense that it was not a full and fair expression of opinion, there is but little reason for asking the aid of the chancellor because some irregularities may have existed in the conduct of the election. The legislature has said that the local necessities and convenience of that particular district requires the imposition of taxes for erecting a court-house, and the exercise of such a power has been too often sanctioned by this court to admit of controversy. That sections 7 and 12, in regard to recording deeds and mortgages, and for taking care of the poor and confining criminals, are open to constitutional objection, affords no argument against the validity of the entire enactment. Strike the two sections from its provisions, and there remains a perfect law. Nor do we think it was necessary for the legislature to prescribe the term of office for the commissioners, although they are made a body-corporate and politic, with power to sue and be sued, contract and be contracted with, under the style of the "commissioners for the court-house district." They are not district officers

within the meaning of section 10 of article 6 of the consti-
tution, but are the mere agents for the district, required by
the act to discharge certain duties with reference to the
building of the court-house, and when those duties end their
employment terminates.

It could not have been intended by the framers of the
constitution that commissioners appointed to superintend
and control the erection of state or county buildings, and
to receive and collect the taxes from the sheriff imposed by
the act itself, should be regarded as district officers coming
within that provision of the constitution forbidding the crea-
tion of any office, the term of which shall be for a longer
time than a term of years.   The necessity for the appoint-
ment of such commissioners, or some superintendent, exists
in almost every instance where public buildings are to be
erected at the expense of the state or a county, and to hold
that such commissioners are to be selected, and when select-
ed, to be removed as officers within the meaning of the
constitution, would be determining, by judicial precedent,
every one charged with the execution of a ministerial duty
under legislative sanction an officer whose term of office
must be designated or the appointment will be held invalid.
No such construction should be given any provision of the
constitution bearing on this question; and although the
duties of these commissioners may continue for four years
and longer, it does not invalidate the act, or violate any
constitutional provision; and if these commissioners could,
by any reasonable construction of the constitution, be
deemed officers within its meaning, their term of office,
not being fixed beyond the constitutional limit, would end
at the expiration of the four years, the presumption being
that the legislature had in view the constitutional limita-

tion when the office was created. There is no equity in appellant's petition, or facts stated, authorizing the chancellor to interfere.

The judgment below must therefore be affirmed.