## THE STATE *vs.* ALANSON L. SANFORD ET AL.

First Judicial District, Hartford, January Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Chapter 331 of the Public Acts of 1895 provides that any person convicted of a first violation of the liquor law shall be fined not less than $10 nor more than $200; and for a second and all subsequent convictions shall be punished by said fine, or by imprisonment not less than ten days nor more than six months, or by such fine and imprisonment both. The Act further provided that these penalties should be in lieu of those hitherto prescribed by law. *Held* that inasmuch as the punishment provided by the first clause of the Act for a first violation, was greater than that previously prescribed, and would thus be *ex post facto* if applied to offenses committed before it went into effect, the entire Act must be construed as applicable only to offenses committed after the Act took effect, and to convictions secured for such offenses only;

State *v.* Sanford et al.

especially in view of General Statutes § 1 which provides that the repeal of a law shall not affect any punishment or penalty previously incurred.

[Argued January 7th—decided February 21st, 1896.]

CRIMINAL prosecution for a second violation by the defendants of the laws relating to the sale of spirituous and intoxicating liquors, brought to the Superior Court in Hartford County and tried to the jury before *Prentice, J.;* verdict and judgment of guilty, and appeal by the defendants for alleged errors in the rulings and charge of the court. *Error in part.*

The information contained three counts, the third of which alleged that in March, 1895, the defendants were convicted before a justice of the peace of having on February 28th, 1895, kept a place in Bristol in which it was reputed that spirituous and intoxicating liquors were kept for sale, without having a license therefor; that on September 2d, 1895, at Bristol, they sold spirituous and intoxicating liquors without having a license therefor; and that such sale was a second violation of the liquor laws within the meaning of § 1, Chap. 331 of the Public Acts of 1895. Upon the trial in the Superior Court, the court (*Prentice, J.*), against the defendants' objection, admitted in evidence the record of the former conviction which was alleged, and instructed the jury that the offense charged in the third count would constitute a second offense, within the meaning of the statute. The jury having returned a general verdict of guilty, the defendants claimed that no penalty of imprisonment could be imposed under the third count, but the court ruled otherwise, and sentenced them to imprisonment upon that count, after fining them on each of the others; from which judgment they prosecuted this appeal.

*Benedict M. Holden,* for the appellants (accused).

The trial court erred in imposing a penalty of imprisonment under the third count. The Act of 1895 cannot apply to a case where the former conviction was prior to the passage of the Act. General Statutes, § 1. The construction

contended for by the State, renders the statute of 1895 *ex post facto*, as to offenses committed before it took effect. *Calder* v. *Bull,* 3 Dall., 386 ; *Kring* v. *State of Missouri,* 107 U. S., 221.

*Arthur F. Eggleston,* State's Attorney, and *Epaphroditus Peck,* for the appellee (the State).

All reason and all authority agree that punishing more severely a second offense involves no punishment for the prior offense. The second offense alone is punished, but the court, in inflicting the penalty, is authorized to take into account the previous bad record of the prisoner. The view stated herein has been taken in every case in which the question has arisen. *Commonwealth* v. *Marchand,* 155 Mass., 8 ; *Commonwealth* v. *Graves,* 155 id., 163 ; *Ross's Case,* 2 Pick., 165 ; *Commonwealth* v. *Phillips,* 11 id., 58 ; *Commonwealth* v. *Blackburn,* 50 Ohio St., 428, 437, 36 N. E., 18 ; *Rand* v. *Com.,* 9 Gratt., 739, 743 ; *Ex parte Gutierrez,* 45 Cal., 429, 432.

BALDWIN, J. The defendants were sentenced under a statute which went into effect on August 1st, 1895 (Public Acts of 1895, p. 670, Chap. 331), the first section of which reads as follows :—

" Every person convicted for a first violation of any of the provisions of the laws relating to the sale of spirituous and intoxicating liquors shall be punished by a fine of not less than ten nor more than two hundred dollars ; for a second and all subsequent convictions such person shall be punished by said fine, or by imprisonment not less than ten days nor more than six months, or by such fine and imprisonment both."

They had been convicted in March, 1895, of keeping a place in which it was reputed that spirituous and intoxicating liquors were kept for sale. The punishment for this offense at that time (General Statutes, § 3088), whether for a first or a second offense, was a fine of not more than $30.

We have no occasion to inquire whether, as is contended by the appellants, a statute would properly be condemned as

*ex post facto* which imposed a heavier penalty upon a conviction for an offense committed after its passage, in case the defendant had previously been convicted of a similar offense committed before its passage.

The Act of 1895, construed strictly, as every penal statute must be, and in the light of General Statutes, § 1, which declares that the repeal of a law shall not affect any punishment or penalty previously incurred, can have merely a prospective effect, notwithstanding the provision in § 4 that " the penalties provided in section one shall be in lieu of penalties now provided by law." The punishments provided by the first clause of § 1 for " every person convicted of a first violation " of the liquor laws, being greater than those previously prescribed, the statute would be clearly *ex post facto*, if § 4 were the rule of punishment for offenses committed before it went into effect. It is not to be presumed that the legislature intended to adopt a measure so plainly contrary to the Constitution of the United States. The words quoted must therefor be understood as applicable only to every person thereafter convicted of a first violation thereafter committed ; and the " second and all subsequent convictions," referred to in the second clause, seem to us to mean convictions following one secured under the provisions of the first clause. This view is confirmed by the provisions of the second section, which, after authorizing the court, " upon a first conviction," to certify that in its opinion the license should not be revoked, proceeds to declare that it shall be revoked " for any subsequent conviction." It cannot be doubted that this language was intended to apply only to successive convictions under the new law.

There was error in the sentence upon the third count, and so much of the judgment as was predicated upon that count is set aside, and a new trial ordered upon that count only.

In this opinion the other judges concurred.