STATE *vs.* SARAH E. LEGG.

CRIMINAL LAW—SECOND OFFENSE—PUNISHMENT.

Accused, after being convicted of selling liquor to a minor, was again indicted for a like offense. The sale charged by the second indictment occurred prior to the sale for which accused was first convicted. *Held,* that she could not be punished under *Rev. Code of* 1915, § 165, prohibiting the sale of liquor to minors, and providing that a second conviction shall work a forfeiture of the license.

(*February* 3, 1915.)

PENNEWILL, C. J., and HEISEL, J., sitting.

*Armon D. Chaytor, Jr.,* Deputy Attorney General, for the state.

*Robert G. Harman* and *Philip L. Garrett* for accused.

Court of General Sessions, New Castle County, January Term, 1915.

Sarah E. Legg was indicted (No. 54, January Term, 1915) for selling intoxicating liquors to a minor. The accused, being a licensee to sell intoxicating liquor, had been convicted on an indictment (No. 4) found at the same term of the court for a like offense.

In the first four counts of the present indictment, the first indictment and conviction thereunder were alleged.

The time of the commission of the offense charged in these several counts is laid on a day and date prior to the finding of, and conviction under, the first indictment. There was a motion to strike out these counts for the reason that a conviction thereunder would not work a forfeiture of the license as being a second offense within the meaning of the statute. The motion prevailed and the first four counts were stricken out for the reasons assigned in the opinion of the court.

The fifth count in the second indictment charged that the accused did unlawfully deliver intoxicating liquor, to wit, lager beer, to the minor therein named.

The sixth count charged that the accused did unlawfully permit the minor to drink intoxicating liquor, etc., upon the premises, etc.

The accused was convicted and fined as in the case of a first offense.

HEISEL, J., delivering the opinion of the court:

The defendant in this case, having a license to sell intoxicating liquor, had been indicted for, and had pleaded guilty to, selling liquor to a minor, and had been sentenced. Afterward, she was again indicted for a like offense. The second indictment, the one now under consideration, alleges in the first, second, third and fourth counts, that the second offense was committed before she had been convicted under the first indictment, and that therefore said counts should be stricken out.

The statute under which the indictment was found is *section* 165, *Revised Code* of 1915; the part applicable to the consideration of this motion being as follows:

"It shall be unlawful for any person licensed ·to. sell liquor * * * to sell, give away, deliver or furnish liquor at any time to a minor * * * and whomsoever shall do so shall be guilty of a misdemeanor and upon conviction thereof shall forfeit and pay a fine of not less than fifty nor more than one hundred dollars; and in case of a second conviction for such misdemeanor, he shall forfeit his license and shall not be capable of receiving a license for the space of two years."

It is contended by counsel for the motion that it is not sufficient to allege a violation of the law committed prior to the first conviction, because the proper construction of the statute is, that the defendant must be convicted of an offense committed after the first conviction, in order to subject the offender to the greater penalty, and cite in support of their contention *Hawkins, Crim. Pleas, c.* 40, § 3; 12 *Cyc.* 950 (3); 1 *Woolen & Thornton on Intoxicating Liquors,* § 173; *People v. Butler,* 3 *Cow.* (*N. Y.*) 347; *Brown v. Commonwealth,* 100 *Ky.* 127, 37 *S. W.* 496; *Long v. State,* 36 *Tex.* 6; *Rand v. Commonwealth,* 9. *Grat.* (*Va.*) 738; *Commonwealth v. Daley,* 4 *Gray* (*Mass.*) 209; *Commonwealth v. McDermott,* 224 *Pa.* 363, 73 *Atl.* 427; *Hyser v. Commonwealth,* 116 *Ky.* 410, 76 *S. W.* 174; *Commonwealth v. Welsh,* 2 *Va. Cas.* 57.

The Attorney General contends that the statute should be taken literally, that it is not open to construction, and that a sec-

Opinion—Sentence.

ond conviction under the statute, no matter when the offense was committed, would subject the offender to the greater penalty.

We think the authorities cited by counsel for the motion fully sustain their contention, that the indictment must allege an offense committed after the first conviction, in order that the greater penalty may apply.

The law seems to be well stated in 12 *Cyc.* (*supra*) as follows:

"The statutes increasing the punishment on account of a former conviction do not apply unless the offense for which the defendant is on trial shall have been committed after the conviction, as well as after the commission of the first."

Should the statute be construed otherwise, we might easily have a situation wherein the lesser penalty would be applied for the second offense, and the greater penalty for the first offense. This certainly was not the intention of the Legislature.

We think the first, second, third and fourth counts of the indictment are bad, for the reasons above stated, and order them stricken out.

(The accused thereupon pleaded guilty and was sentenced as in the case of first offense.)