[No. 16747. Department Two. December 22, 1921.]

THE STATE OF WASHINGTON, *Respondent,* v. CHAS. BUTTIGNONI, *Appellant.*[1]

CRIMINAL LAW (460)—PUNISHMENT—SUBSEQUENT OFFENSES—STATUTES—CONSTRUCTION. Laws 1917, p. 61, § 15, amendatory of § 32 of the initiative measure against the sale of intoxicating liquors (Laws 1915, ch. 2, p. 2) which prescribes a punishment for every person convicted a second time of a violation of any of the provisions of "this act," contemplates convictions under the prior act, since the two acts are to be construed as one act covering the same subject-matter.

SAME (460)—PUNISHMENT—SUBSEQUENT OFFENSES—PRIOR CONVICTION—EFFECT OF STATUTE OF LIMITATIONS. The fact that the statute of limitations had run against an offense for which one had been convicted would not affect the power of the court to impose

[1]Reported in 203 Pac. 76.

increased punishment for a second violation of the act, as the penalty is not imposed for the prior conviction, which is merely an element of aggravation of the last offense.

SAME (333)—VERDICT—FORM—SEPARATE VERDICTS.  Two verdicts returned into court at the same time, one finding the defendant guilty of the crime charged and the other finding the fact of a prior conviction, is in no way prejudicial to the rights of defendant.

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered June 6, 1921, upon a trial and conviction of the unlawful possession of intoxicating liquor. Affirmed.

*Geo. E. Canfield,* for appellant.

*C. R. Hadley,* for respondent.

MAIN, J.—The defendant was charged by information with the crime of having in his possession on December 31, 1920, intoxicating liquor other than alcohol. The trial resulted in a verdict of guilty, and the defendant prosecutes this appeal.

The information, after charging the crime above mentioned, recited that, on September 17, 1916, the appellant had been found guilty of unlawfully selling intoxicating liquors. The crime charged in the present case is under § 11, ch. 19, p. 60, Laws of 1917. The prior conviction of the appellant, that of selling intoxicating liquor, was had under initiative measure No. 3, Laws of 1915, ch. 2, p. 2. Section 15, p. 61, Laws of 1917, amends § 32 of initiative measure No. 3 (Laws of 1915, p. 16), and provides that "every person convicted the second time of a violation of any of the provisions of this act, for which the punishment is not specifically prescribed, shall be punished" as therein provided. It is first contended that "this act" refers to prior convictions under the act of 1917, and does not refer to convictions under initiative measure No. 3. The title

of the act of 1917 recites, among other things, that it is an act relating to intoxicating liquors and repeals certain sections of initiative measure No. 3, and further amends that act by adding new sections. Throughout the body of the act it purports to be nothing else than an amending and repealing act, and that it further amends initiative No. 3 by adding sections thereto. The section in which "this act" occurs is expressly an amendment of § 32 of initiative measure No. 3, which was very similar in its terms to the later act. It is plain that the legislature, using the expression "this act," did not refer to the act of 1917 as a separate and independent measure, but thereby referred to initiative measure No. 3, as amended by that act. With this construction, the provision calling for a heavier penalty upon a second conviction would include a prior conviction under initiative measure No. 3.

The second point is that the statute of limitations has run against the crime which was committed by the selling of intoxicating liquors in September, 1916, and therefore it could not be an element in the present conviction. In this case the defendant was not convicted of the act done in 1916. The information recited that conviction and the evidence sustained the jury's finding upon it. In *Hyser v. Commonwealth*, 116 Ky. 410, 76 S. W. 174, upon this question it is said:

"The increased punishment is not for the former offenses, but the previous convictions merely aggravate the last offense, and add to its punishment. The accused is not required to answer to the former charges and defend against them. Nothing is heard in reference to the former trials save the fact of conviction."

In *State v. LePitre*, 54 Wash. 166, 103 Pac. 27, with reference to the habitual criminal statute, it was said:

"It does not inflict a double punishment for the same offense, or inflict a cruel or unusual punishment, or

impose a penalty for crimes committed outside of the state. It merely provides an increased punishment for the last offense.''

Whether the statute of limitations had run against the prosecution of a crime committed in 1916 is immaterial, as the appellant was not charged or prosecuted for that crime. It was a fact which it was necessary to allege, and necessary for the jury to find, as a basis upon which the increased penalty would be inflicted for the second and subsequent offense.

The last contention is that a new trial should be granted because the jury returned two verdicts, one finding the appellant guilty of the crime charged, and the other finding the fact of the prior conviction. It is the appellant's contention that these two findings should have been embodied in the same verdict. The two verdicts were returned into court at the same time, and whether they were separate or combined could not in any possible way prejudice the appellant. There is no merit in this contention.

The cases of *State v. Sanford,* 67 Conn. 286, 34 Atl. 1045, and *Hyser v. Commonwealth, supra,* are not out of harmony with the holding above indicated, to the effect that a conviction in 1916, under initiative measure No. 3, may be used as sustaining the increased penalty provided for second offenses under the act of 1917. In the *Sanford* case, the court was construing the statute of the state of Connecticut and held that, by the terms of the act, it did not refer to offenses committed before it went into effect. The question whether a prior conviction could be used for the purpose of increasing the penalty when a second similar conviction occurred under a subsequent statute was not there passed upon. In the *Hyser* case, the court was construing a statute of the state of Kentucky and held

that the words there used, ''second or any subsequent conviction,'' referred to a conviction of the accused for an offense against the statute committed after his conviction for a previous like offense. Neither of the cases is applicable in the present case if, as we have construed it, ''this act'' refers to initiative No. 3 as amended, and does not refer to the act of 1917 as a separate and independent statute.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.