STATE OF CONNECTICUT *v.* PRESTON HOLLOWAY

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued February 6—decided March 5, 1957

*Douglass B. Wright,* assistant state's attorney, with whom, on the brief, was *Albert S. Bill,* state's attorney, for the state.

*James D. Cosgrove,* public defender, for the defendant.

Inglis, C. J. The defendant is charged with a violation of the Uniform State Narcotic Drug Act, third offense, and this reservation seeks the advice of this court on various questions which are certain to enter into the decision of the case in the Superior Court. See Practice Book § 469.

On October 24, 1956, the defendant was arraigned on an information charging him with violation of the narcotics law, third offense. The information was in separate parts. After he had been notified outside the courtroom that one part of the information alleged that he had been twice before convicted of violation of the narcotics law, he pleaded not guilty to the part of the information charging the principal offense and elected a trial before a jury of twelve. On December 12, 1956, he was arraigned on a substituted information which was substantially the same as the one to which he had pleaded on October 24, and he again pleaded not guilty to the principal offense charged and elected trial by jury. Counsel then began to examine prospective jurors on the voir dire. Before the jury were sworn, however, and of course before any evidence was taken, the court ruled that inasmuch as the law provides that the penalty for the crime with which the defendant was charged is life imprisonment, his trial could be had only upon an indictment by a grand jury. Accordingly, the court did not impanel a jury at that time but ordered a grand jury to be summoned for December 18. On that day the grand jury returned a true bill on an indictment against the defendant. This indictment was in two parts. In the first part, denominated "Part A," it was charged that the defendant, at Hartford, on or about July 7, 1956, possessed, had under his control, administered or dispensed narcotic drugs, heroin or morphine, in violation of § 3962 of the General Statutes. Part B of the indictment alleged that the defendant was a third offender under §§ 2103d and 2104d of the 1955 Cumulative Supplement. One of the two prior convictions alleged was a conviction in the United States District Court for the southern district of New York on May 29, 1947, and

the other was in the same court on March 26, 1952.

To this indictment the defendant filed a demurrer and a motion to quash. The ground stated in both is that "the previous convictions alleged in Part B of the indictment occurred prior to the effective date of the passage of Sections 2103d and 2104d of the 1955 Supplement." At this stage of the proceedings the parties stipulated for this reservation. The questions propounded are set forth in the footnote.[1]

As regards the first of these questions, the parties are now agreed that the proceedings looking to the selection of a jury to try the defendant on the information but stopping short of the administration of the oath to the jury will not constitute former jeopardy when the defendant is arraigned on the in-

---

[1] "1. Did the selection of twelve jurors on the voir dire, which took place on December 12, 1956, constitute a placing of Holloway in jeopardy so that he could not be subjected to a trial upon the Indictment rendered by the Grand Jury?

"2. Was the procedure of proceeding by an Indictment before a Grand Jury the proper procedure in this case?

"3. Do the provisions of Sections 2103d and 2104d of the 1955 Supplement to the Connecticut General Statutes apply where an accused has been convicted of an earlier offense prior to October 1, 1955?

"4. If Sections 2103d and 2104d of the 1955 Supplement to the Connecticut General Statutes do apply to earlier offenses committed prior to October 1, 1955, do they make the possible penalty of life imprisonment ex post facto under our law?

"5. Is the procedure of separating the Indictment into two parts consistent with Section 340 of the Connecticut Practice Book which requires that a second offender or subsequent offender shall be informed of the second part of the Information in the absence of the Court?

"6. If the answer to Question 5 is yes, should trial before the petit jury be commenced on Part A alone; and should Part B of the Indictment be kept away from the knowledge of the petit jury?

"7. In the trial of Part A of the Indictment, is the accused entitled to eighteen challenges as provided in Section 3163d of the 1955 Supplement to the Connecticut General Statutes, Revision of 1949, where the offense is punishable by life imprisonment?"

dictment. There can be no doubt that this is the law. *State* v. *Lee,* 65 Conn. 265, 273, 30 A. 1110; *State* v. *Garvey,* 42 Conn. 232, 233; *State* v. *Benham,* 7 Conn. 414, 418; 1 Wharton, Criminal Law (12th Ed.) § 395.

The remaining questions depend for their answer on the interpretation and constitutionality of §§ 2103d and 2104d of the 1955 Cumulative Supplement.[2] These sections went into effect on June 30, 1955.

The contention of the defendant in connection with question 3 is that these sections must be interpreted in such a way that the prior offenses referred to in them must be offenses which were committed after the effective date of the sections. To support this contention he relies on *State* v. *Sanford,* 67 Conn. 286, 289, 34 A. 1045. In that case we had before us for interpretation § 1 of chapter 331 of the Public Acts of 1895. This section read: "Every person convicted for a first violation of any of the provisions of the laws relating to the sale of spirituous and intoxicating liquors shall be punished by a fine of not less than ten nor more than two hundred dollars; for a second and all subsequent convictions such per-

---

[2] "Sec. 2103d. PENALTY. Any person who violates any provision of this chapter, for the first offense, shall be fined not less than five hundred dollars nor more than three thousand dollars and imprisoned not less than five years nor more than ten years, or be both fined and imprisoned; and for a second offense, shall be fined not less than two thousand dollars nor more than five thousand dollars and imprisoned in the State Prison not less than ten nor more than fifteen years, or be both fined and imprisoned; and for any subsequent offense shall be imprisoned in the State Prison for life.

"Sec. 2104d. CONVICTION IN OTHER JURISDICTION. In the case of any person charged with a violation of any of the provisions of this chapter who has been previously convicted of a violation of the laws of the United States or of any other state, territory or the District of Columbia, relating to narcotics, drugs or marihuana, such previous conviction shall, for the purpose of section 2103d or 2105d, be deemed a first or second offense, as the case may be."

son shall be punished by said fine, or by imprisonment not less than ten days nor more than six months, or by such fine and imprisonment both." We held that under this statute a conviction had prior to the effective date of the statute would not count as a first conviction so as to authorize the imposition of the penalty provided for a second or subsequent violation. The rationale of this decision was that the wording of the statute clearly expressed a legislative intent that the only conviction which could qualify as a first conviction would be one had under this particular act. It followed that a conviction which had antedated the act would not qualify, not so much because it was had prior to the effective date of the act in point of time, but rather because, not having been had for a violation of the act of 1895 itself, it was not the sort of violation which was intended by the act to be a prior conviction.

If § 2103d stood alone, we might be compelled to construe it in the same way as the act of 1895 was construed in *State* v. *Sanford,* supra, and hold that convictions of violation of the narcotics laws antedating the effective date of § 2103d could not be counted as prior convictions in determining the penalty to be imposed. Section 2103d does not, however, stand alone. It is accompanied by § 2104d, which also went into effect on June 30, 1955. Section 2104d makes it plain that in enacting § 2103d the legislature did not intend to limit the prior convictions which would increase the penalties for subsequent convictions to convictions had under § 2103d. Section 2104d provides that a conviction of violation of the narcotics laws of the United States or of any other state should be deemed a first or second offense for the purposes of § 2103d. Because of this provision, the reasoning which led to the conclusion in

the *Sanford* case, supra, does not apply in the construction of § 2103d. In fact, the prior convictions charged in the indictment in the present case, since they are convictions of violation of the narcotics laws of the United States, are, by the express terms of § 2104d, such convictions as are deemed to be first and second offenses under § 2103d. Section 2103d is to be so construed that convictions of violation of the narcotics laws prior to the effective date of that section may be treated as previous offenses within the meaning of the act.

This construction of the act raises the question whether it is unconstitutional on the ground that it operates ex post facto. In resolving that question, the crucial fact is that § 2103d does not undertake to provide punishment for any crime committed prior to the date when it went into effect. The punishment provided is for a violation of the narcotics law which occurs subsequent to the effective date of the section. The only effect that a conviction antedating the statute has is to enhance the penalty to be imposed for a violation of the narcotics law. The theory of § 2103d is not that a person shall be punished a second time for an earlier offense but that the principal offense for which the person is being prosecuted under the statute is made more serious by reason of its being a repetition of an earlier offense or earlier offenses. *State* v. *Mead,* 130 Conn. 106, 108, 32 A.2d 273; *State* v. *Reilly,* 94 Conn. 698, 702, 110 A. 550. Consequently, in no sense does the statute operate ex post facto. 16A C.J.S. 161, § 450.

The fifth question propounded in the reservation is whether the procedure adopted in this case with reference to the form of the indictment was correct. The indictment was in two parts. On one page was part A, charging the principal offense, and on a

separate page was part B, alleging the former convictions. Each page was indorsed "A True Bill" by the grand jury. Preparatory to arraignment on part A of the indictment, the accused was informed, in the absence of the court, that he was being charged as a third offender. There can be no question that this was the correct procedure. Practice Book § 340; *State* v. *Ferrone,* 96 Conn. 160, 175, 113 A. 452; *State* v. *Delmonto,* 110 Conn. 298, 301, 147 A. 825. On the strength of the same authorities, trial should first be had on part A of the indictment and then, if a verdict of guilty is returned, the defendant should be put to plea and, if necessary, to trial on part B of the indictment.

Question two propounded by the stipulation is whether it was proper procedure to procure an indictment in this case. The statute provides that the penalty for any offense subsequent to the second shall be imprisonment for life. Both article first, § 9, of the state constitution and § 8747 of the General Statutes require an indictment by a grand jury in all cases in which the penalty to be imposed may be life imprisonment. It was, therefore, necessary to base the prosecution of this case upon an indictment rather than an information.

From the fact that the defendant will be open to the hazard of life imprisonment, it follows that he is entitled to eighteen peremptory challenges in the course of selecting the jury for his trial on part A of the indictment. Cum. Sup. 1955, § 3163d.

We answer questions 2, 3, 5, 6 and 7 in the affirmative, and questions 1 and 4 in the negative.

No costs in this court will be taxed in favor of either party.

In this opinion the other judges concurred.