[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant, Howard Gore, is charged with driving under the influence ("DUI") as a second offender in violation of General Statutes §14-227a. Gore has moved to dismiss the charges against him asserting: (1) application of § 14-227a to the defendant in its current form violates the constitutional prohibition of ex post facto laws (2) the language of the current version of § 14-227a should be interpreted such that it riot be applied retroactively; and (3) the application of the penalty provisions of § 14-227a to the defendant violates his equal protection rights. For the reasons set forth below, the motion to dismiss is denied.
 I. Background
The defendant was convicted of DUI on February 15, 1991. At that time, the DUI statute in effect had been promulgated in 1985 pursuant to Public Act 85-387. Under subsection (h) of this statute, a second, third, fourth or subsequent violation was one that occurred within five years after a prior conviction for the same offense.
In 1995, the DUI statute was amended by Public Act 95-314 that amended subsection (h) to provide that a second, third, fourth or subsequent violation is one that occurs within ten years after a prior conviction of the same offense. In addition, in 1999 the DUI statute was further amended to provide increased penalties for repeat offenders. Public Act CT Page 13927 99-255.
On December 4, 1999, Gore was arrested for DUI in violation of §14-227a and charged under Public Act 99-255 as a second offender. Accordingly, the defendant faces a maximum sentence of two years imprisonment one hundred twenty days of which may not be suspended or reduced and a fine of not less than one thousand dollars and not more than four thousand dollars. § 14-227a(h)(2). As noted above, Gore has moved to preclude the application of these enhanced penalties to his present case.
 II. Discussion
Gore's argument, whether advanced as a constitutional claim or one based on statutory construction, is that the 1985 version of the DUI statute on which his 1991 conviction was based, gave him an expectation that his exposure to repeat offender punishment would end after five years of good behavior. Gore further asserts that this expectation or "pseudo probation" is a legally enforceable right that cannot be changed by a statutory amendment. Despite his repeated assertion of this argument, Gore has not provided any persuasive authority to support it.
 A. Ex Post Facto Claim
In support of his claim that application of current DUI provisions to him violates the ex post facto clause of the United States Constitution, Gore relies principally on State v. Sanford, 67 Conn. 286 (1896).Sanford involved a case where the defendant was convicted as a repeat offender under an 1885 liquor law. Although our Supreme Court reversed Sanford's conviction, it expressly declined to reach the ex post facto
claim. See State v. Sanford, supra, 67 Conn. 288-89 ("We have no occasion to inquire whether . . . a statute would properly be condemned as ex postfacto which imposed a heavier penalty under a conviction for an offense committed after its passage, in case the defendant had previously been convicted of a similar offense committed before its passage.") InSanford, the liquor law involved was interpreted prospectively, such that a subsequent conviction was construed to mean only successive convictions under the new law. Sanford provides no support for Gore's constitutional claim.
Other than Sanford, Gore relies on the general law regarding ex postfacto laws and cases that have condemned retroactive application of good time statutes to prisoners serving sentences. See e.g., State v.Millhouse, 3 Conn. App. 495 (1985). Again, however, this authority does not support his claim in light of contrary cases. CT Page 13928
The United States Supreme Court has held that a statute enhancing a defendant's sentence because he is a repeat offender does not violate theex post facto clause, even if one of the convictions on which the sentence is based occurred before passage of the statute. Gryger v.Burke, 334 U.S. 728, 732, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948). InGryger, the petitioner was given a stiffened penalty as a fourth offender under Pennsylvania's habitual offender act, and argued that the penalty violated the ex post facto clause because one of his previous offenses was committed before the passage of the act. Id., 729. In this regard, the court stated: "Nor do we think the fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the Act was passed, makes the Act invalidly retroactive or subjects the petitioner to double jeopardy. The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for earlier crimes. It is a stiffened penalty for the latest crime, which is considered an aggravated offense because a repetitive one." Id., 732.
The United States Supreme Court has adhered to this view when similarex post facto challenges were made to the application of the federal sentencing Guidelines. See Nichols v. United States, 511 U.S. 738, 747,114 S.Ct. 1921, 128 L.Ed.2d 745 (1994) ("[T]his court consistently has sustained repeat offender laws as penalizing only the last offense committed by the defendant") The Connecticut Supreme Court has reached the same conclusion. In State v. Holloway, 144 Conn. 295, 130 A.2d 562
(1957), the defendant was given an enhanced sentence as a third offender under a statute passed in 1955. The defendant's previous convictions were in 1947 and 1952 respectively. Our Supreme Court rejected the contention that his sentence violated the ex post facto clause: "In resolving that question, the crucial fact is that [the statute] does not undertake to provide punishment for any crime committed prior to the date when it went into effect. The punishment provided is for a violation of the narcotics law which occurs subsequent to the effective date of the section. The only effect that a conviction antedating the statute has is to enhance the penalty to be imposed for a violation of the narcotics law. The theory of [the statute] is not that a person shall be punished a second time for an earlier offense but that the principal offense for which the person is being prosecuted under the statute is made more serious by reason of its being a repetition of an earlier offense or earlier offenses. . . . Consequently, in no sense does the statute operate ex post facto." (Citation omitted.) Id., 301.
Based on the reasoning of Gryger and Holloway, the court finds that the application of § 14-227a's subsequent offender provisions to Gore is not an ex post facto violation.[1]
CT Page 13929
 B. Statutory Construction
Gore asserts that, aside from his constitutional claims, § 14-227a
should be interpreted such that the ten-year period have prospective application only. The problem with this argument is that the statute explicitly provides: "For purposes of imposition of penalties for a second . . . offense pursuant to this subsection, a conviction under the provisions of subsection (a) of § 14-227a in effect on October 1, 1981, or as amended thereafter . . . shall constitute a prior conviction for the same offense." § 14-227a(h). Accordingly, when the legislature promulgated Public Act 95-314, it clearly contemplated use of an earlier conviction to qualify as "prior conviction. "
The motion to dismiss on this ground must be denied.
 C. Equal Protection/Due Process
Gore's equal protection/due process claim is that a second offender DUI defendant faces a more severe penalty (120 day mandatory minimum) than persons convicted of manslaughter second degree with a motor vehicle (§ 53a-56b), or assault second with a motor vehicle (§ 53a-60d). In support of this argument, Gore relies on State v. Ceballos, Docket No. CR6-490700, Judicial District of New Haven, August 16, 2001 (Devlin, J.).
Ceballos rested on State v. Jenkins, 198 Conn. 671, 504 A.2d 1053
(1986), which held that legislative scheme that provided for a greater penalty for kidnaping than for kidnaping with a firearm was unconstitutional. The common thread between Ceballos and Jenkins is that both compared a statute with a greater penalty that was a lesser included offense of a statute with a lesser penalty. In the present case, DUI as a second offender is not a lesser included offense of either manslaughter second with a motor vehicle or assault second with a motor vehicle. Absent this relationship, the legislature has wide discretion to classify offenses and fix penalties. State v. Wright, 246 Conn. 132, 146 (1998).
The motion to dismiss on equal protection grounds is denied. In addition, the court has considered the defendant's other claims and found them not persuasive.
 Conclusion
For the reasons set forth above, the motion to dismiss is denied.
So Ordered at New London, Connecticut, this 1st day of October, 2001. CT Page 13930
Devlin, J.