STATE OF CONNECTICUT *v.* MICHAEL HICKEY
(AC 22847)

West, DiPentima and Dupont, Js.

Argued September 10—officially released December 23, 2003

*Alice Osedach-Powers*, assistant public defender, with whom, on the brief, was *Leslie K. Cavanagh*, assistant public defender, for the appellant (defendant).

*John A. East III*, senior assistant state's attorney, with whom, on the brief, were *Mary M. Galvin*, state's attorney, and *Kevin D. Lawlor*, assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, J. The defendant, Michael Hickey, appeals from the judgments of conviction[1] of two counts of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes (Rev. to 1999) § 14-227a, as amended by Public Acts

---

[1] The defendant entered pleas of nolo contendere to two counts of operating a motor vehicle while under the influence of intoxicating liquor conditioned on the right to appeal pursuant to General Statutes § 54-94a and Practice Book § 61-6. The defendant also pleaded guilty to two counts of failure to appear in the second degree. He does not challenge his conviction on those charges.

1999, No. 99-255, § 1.[2] The defendant claims that the trial court improperly denied his motion to dismiss because (1) as applied, § 14-227a (h), now (g), results in a violation of the ex post facto clause of the United States constitution and (2) the application of the statute constitutes a violation of his sixth amendment right to effective assistance of counsel under the United States constitution.[3] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. On March 11, 1991, and February 25, 1994, the defendant was convicted, under § 14-227a, of operating a motor vehicle while under the influence of alcohol. The statute in effect when those two incidents occurred had been amended in 1985 pursuant to Public Acts 1985, No. 85-387. Under subsection (h) of that statute, a second, third, fourth or subsequent violation was one that occurred within five years of a prior conviction for the same offense.[4] In 1995, Public Acts 1995, No. 95-314, § 1, amended § 14-227a (h) by defining a subsequent violation as one that occurs within ten years of a prior conviction for the same offense.[5] These five and ten

---

[2] General Statutes § 14-227a provides in relevant part: "(a) Operation while under the influence . . . . No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. . . ."

[3] In his reply brief, the defendant withdrew his claim that § 14-227a contains a statute of limitations.

[4] General Statutes (Rev. to 1991) § 14-227a (h) provides in relevant part: "Any person who violates any provision of subsection (a) of this section shall . . . (3) for conviction of a third violation *within five years* after a prior conviction for the same offense, *be fined not less than one thousand dollars nor more than four thousand dollars and imprisoned not more than two years, one hundred twenty consecutive days of which may not be suspended or reduced in any manner,* and have his motor vehicle operator's license or nonresident operating privilege *suspended for three years* . . . ." (Emphasis added.)

[5] General Statutes (Rev. to 1997) § 14-227a (h) provides in relevant part: "Any person who violates any provision of subsection (a) of this section shall . . . (3) for conviction of a third violation *within ten years* after a prior conviction for the same offense, be fined not less than one thousand dollars nor more than four thousand dollars and imprisoned not more than

year periods are referred to as "look back" periods. See 38 H.R. Proc., Pt. 19, 1995 Sess., p. 6829, remarks of Representative Dale W. Radcliffe. Additionally, in 1999, Public Acts 1999, No. 99-255, § 1, amended the statute to provide for increased penalties for repeat offenders.[6]

The defendant was arrested on separate charges of violating § 14-227a on June 1 and June 28, 2000. On April 4, 2001, the defendant filed a motion to dismiss the charges. The court denied the motion. Thereafter, on October 19, 2001, the defendant pleaded nolo contendere, as a third time offender, to both counts of § 14-227a. On February 5, 2002, the defendant was sentenced pursuant to General Statutes (Rev. to 1999) § 14-227a, as amended by Public Acts 1999, No. 99-255, § 1, to three years incarceration, suspended after one year mandatory time, and three years of probation.

I

The defendant first argues that § 14-227a, as applied, results in a violation of the ex post facto clause of the United States constitution in that the amended statute (1) resulted in greater punishment than that previously

two years, one hundred twenty consecutive days of which may not be suspended or reduced in any manner, and have his motor vehicle operator's license or nonresident operating privilege suspended for three years . . . ." (Emphasis added.).

[6] General Statutes (Rev. to 1999) § 14-227a (h), as amended by Public Acts 1999, No. 99-255, § 1, provides in relevant part: "Any person who violates any provision of subsection (a) of this section shall . . . (3) for conviction of a third and subsequent violation within ten years after a prior conviction for the same offense, (A) be fined not less than two thousand dollars nor more than eight thousand dollars, (B) be imprisoned not more than three years, one year of which may not be suspended or reduced in any manner, and sentenced to a period of probation requiring as a condition of such probation that such person perform one hundred hours of community service, as defined in section 14-227e, and (C) have such person's motor vehicle operator's license or nonresident operating privilege permanently revoked upon such third offense. . . ."

prescribed, (2) reduced the state's burden of proof and (3) deprived him of a defense. We disagree.

"We must first consider the standard of review where a claim is made that the court failed to grant a motion to dismiss. Our standard of review of a trial court's . . . conclusions of law in connection with a motion to dismiss is well settled. . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts . . . . Thus, our review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo." (Internal quotation marks omitted.) *State* v. *Weiner*, 61 Conn. App. 738, 747, 767 A.2d 1220, cert. denied, 256 Conn. 902, 772 A.2d 600 (2001).

The ex post facto clause prohibits, inter alia, the enactment of "any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." (Internal quotation marks omitted.) *Weaver* v. *Graham*, 450 U.S. 24, 28, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981).

The United States Supreme Court has held that a statute enhancing a defendant's sentence because he is a repeat offender does not violate the ex post facto clause even if one of the convictions on which the sentence is based occurred before the enactment of the statute. See *Gryger* v. *Burke*, 334 U.S. 728, 732, 68 S. Ct. 1256, 92 L. Ed. 1683 (1948). Moreover, the United States Supreme Court has consistently sustained repeat offender laws as penalizing only the last offense committed by a defendant. See *Nichols* v. *United States*, 511 U.S. 738, 747, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994).

Our own Supreme Court has reached the same conclusion. In *State* v. *Holloway*, 144 Conn. 295, 130 A.2d

562 (1957), the court rejected the contention that an enhanced sentence for a third time offender, under a statute enacted in 1955 and based on convictions in 1947 and 1952, constituted a violation of the ex post facto clause. "In resolving that question, the crucial fact is that [the statute] does not undertake to provide punishment for any crime committed prior to the date when it went into effect. The punishment provided is for a violation of the narcotics law which occurs subsequent to the effective date of the section. The only effect that a conviction antedating the statute has is to enhance the penalty to be imposed for a violation of the narcotics law. The theory of [the statute] is not that a person shall be punished a second time for an earlier offense but that the principal offense for which the person is being prosecuted under the statute is made more serious by reason of its being a repetition of an earlier offense or earlier offenses." Id., 301.

The situation in this case is very similar. The defendant's first two convictions occurred prior to the amendments of 1995 and 1999. Under the rationale of *Holloway*, it is clear that the defendant's 2002 conviction did not result in a second punishment for his convictions in 1991 and 1994. His punishment for the 2002 conviction was simply enhanced on the basis of his status as a repeat offender. Consequently, as the court succinctly stated in *Holloway*, "in no sense does the statute operate ex post facto." Id.[7]

The defendant relies principally on *State* v. *Sanford*, 67 Conn. 286, 289, 34 A. 1045 (1896), for the proposition that a law providing for greater punishment than pre-

---

[7] Because we have concluded that the defendant's 2002 conviction did not result in a second punishment for his earlier offenses, we also reject the defendant's claim that the 1995 amendment to General Statutes § 14-227a (h) violated General Statutes §§ 1-1 and 55-3 because the amendment made the punishment for his previous crimes more burdensome after they were committed.

viously had been prescribed would clearly be ex post facto if it applied retroactively. In *Sanford*, the defendant was convicted as a repeat offender under § 1 of chapter 331 of the Public Acts of 1895, a liquor law. The *Sanford* court interpreted the law to apply prospectively. The Connecticut Supreme Court has since explained the rationale behind *Sanford*. In the legislation at issue in *Sanford*, there was a clearly expressed legislative intent that the only convictions occurring after enactment of the legislation would qualify as prior convictions. *State* v. *Holloway*, supra, 144 Conn. 299–300.

The legislative scenario for § 14-227a is markedly different from that facing the *Sanford* court. Unlike the legislature promulgating the act of 1895, the legislature addressing § 14-227a intended to consider behavior occurring prior to the enactment of the amendment. See *State* v. *Mattioli*, 210 Conn. 573, 578, 556 A.2d 584 (1989) ("in enacting Public Acts 1985, No. 85-387 so as to amend § 14-227a, the legislature clearly intended to provide harsher penalties for offenders with a history of driving under the influence"); see also 38 H.R. Proc., Pt. 19, 1995 Sess., pp. 6829–30, remarks of Representative Dale W Radcliffe; 42 H.R. Proc., Pt. 19, 1999 Sess., pp. 6740–41, remarks of Representative John Wayne Fox. Because the legislative intent and purpose behind the respective statutes clearly were different, *Sanford* provides no support for the defendant's argument. Therefore, the defendant's argument that the amended statute results in an ex post facto violation by prescribing a greater punishment for a prior conviction must fail.

The defendant next claims that there is an ex post facto violation when the amendment effectively reduces the state's burden of proof. The defendant argues that a ten year, rather than a five year, look back period makes it easier to prove that he had two prior convictions, a necessary predicate to being considered a third

time offender. The defendant further claims that the application of § 14-227a deprives him of the defense that his earlier convictions would fall outside the previous five year look back period. Obviously, that defense is not available under a ten year look back period.

Neither of those arguments is availing. In a case strikingly similar to the one at bar, the Maine Supreme Court held that "[w]hen a statute defines penalties for future offenses, defendants are put on notice that they can no longer rely on the former statutory scheme for whatever defense or protection it may have provided."[8] *State* v. *Chapman*, 685 A.2d 423, 425 (Me. 1996). Moreover, "[t]he familiar legal maxims, that everyone is presumed to know the law, and that ignorance of the law excuses no one, are founded upon public policy and in necessity, and the idea back of them is that one's acts must be considered as having been done with knowledge of the law, for otherwise its evasion would be facilitated and the courts burdened with collateral inquiries into the content of men's minds. This rule of public policy has been repeatedly applied by this court." (Citation omitted.) *Atlas Realty Corp.* v. *House*, 123 Conn. 94, 101, 192 A. 564 (1937). Because the defendant was effectively put on notice of the changes occurring in 1995 and 1999, he is precluded from relying on the five year look back period to prove that the state's burden of proof was reduced or that he was deprived of a defense.

## II

The defendant next claims that the application of § 14-227a resulted in a denial of his right to the effective

---

[8] See also *State* v. *George B.*, 258 Conn. 779, 800, 785 A.2d 573 (2001) ("[p]ersons are presumed to be aware of the law and cannot plead ignorance"); *People* v. *Brady*, 34 Cal. App. 4th 65, 71–72, 40 Cal. Rptr. 2d 207 (1995) (holding that challenged sentencing statute was "in full force and effect," which would have given defendant notice that ability to earn good conduct credits in prison would be limited under statute); *People* v. *Wickland*, 268 Ill. App. 3d 758, 762, 644 N.E.2d 799 (1994) ("public is generally held to have notice of a bill's contents at the time the bill is passed in its final form").

assistance of counsel. The defendant argues that because the current consequences of convictions that occurred in 1991 and 1994 were not in existence at the time of his prior convictions, defense counsel's assistance in 1991 and 1994 was ineffective. In essence, the defendant argues that defense counsel's failure to predict the future behavior of the legislature and to advise the defendant thereof resulted in ineffective assistance of counsel in violation of the sixth amendment to the United States constitution. That argument merits little discussion.

Generally, attorneys cannot be held accountable for failure to counsel clients regarding future amendments to the penal statutes or changes in the law. See, e.g., *Larkin* v. *Commissioner of Correction*, 45 Conn. App. 809, 819, 699 A.2d 207 (1997). The defendant's attorney, therefore, can hardly be held accountable for failing to inform the defendant of consequences of a statutory scheme that was not in existence at the time he counseled the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.