Hood<br>v.<br>Chambliss.

---

7  107<br>48  736

### The State v. James L. Cobbs.

On the 1st of October, 1849, the accused was indicted for a murder alleged to have been committed on the 10th of August, 1848. The jury found him guilty of manslaughter only. *Held:* That the accused, not having been indicted within twelve months after the offence was committed, he could not be legally convicted of manslaughter.

Where a motion in arrest of judgment has been sustained, the State may appeal.

APPEAL from the District Court of Carrol.  *J. N. T. Richardson, J.*

*Isaac Johnson,* Attorney General, for the State, contended: The judgment was arrested on the ground, that the indictment was not found within twelve months after the commission of the offence, and the State has appealed. The indictment was filed October 2d, 1849, and charges that defendant committed the offence on the 10th day of August, 1848.

Art. 509 Rob. Penal Laws.  No person shall be prosecuted, tried or punished for any offence, willful murder, arson, robbery, forgery and counterfeiting accepted, unless the indictment for the same be found or exhibited within one year next after the offence shall be done or committed.

On trials for murder, the jury may find the prisoner guilty of manslaughter, if they should be of opinion that he is not guilty of murder, but of manslaughter. Acts of 20th March, 1818.  If the defendant had been indicted in direct terms for the offence of manslaughter, and a verdict of guilty had been returned, no one could question the correctness of a decision sustaining a motion in arrest of judgment, on the ground that the offence had been barred by prescription. Does not the same principle obtain when the indictment is for murder, and the verdict is manslaughter, and the facts, as to the time of committing of the offence and the finding of the indictment are as exhibited by the indictment in this case?

The latter offence is included in the former, and, under our statute, is a charge to all legal intents to be met by the defendant.  The verdict of manslaughter is an acquittal of the murder; and such a verdict is proof of the fact, that the homicide was only manslaughter from its inception.  In such a case, I think the plea of prescription, if true in point of fact, should prevail; otherwise, that which could not be done directly, would be sanctioned by an indirection; and the doctrine maintained, that the prescription, in this case, must be determined by the character of the offence charged, and not by the verdict of the jury.

*S. R. Walker,* for the accused, contended: The facts presented by the record in this case are, in substance, as follows:  At the October term, 1849, of the Tenth Judicial District Court, holding its sessions in the parish of Tensas, the grand jury of that parish found a bill of indictment against *Cobbs* for the crime of murder. charging that the same was committed on the 10th day of August, 1848, within the jurisdiction of that court.  At the October term, 1851, the case came on for trial, and the jury found a verdict, guilty of manslaughter.

Upon the finding of the jury, the prisoner's counsel moved to arrest the judgment of the court and discharge the prisoner, on the ground that the indictment was not found within a year ensuing after the commission of the crime.  This motion was granted by the judge, and from this decision the district attorney appealed.  Upon subsequent proceedings under a writ of *habeas corpus,* the counsel for the prisoner asked his discharge, which was refused, and he was retained in custody, upon giving bond and security in the sum of five hundred dollars.

The following points are urged upon the consideration of the court in behalf of the prisoner.  1st. Although the indictment in this case was for the crime of murder, yet the jury were permitted to find a verdict of manslaughter.  B. and

STATE
v.
COBBS.

C. Digest, 260. The finding of the jury, and not the charge in the indictment, was conclusive of the character of the offence, and clearly brings it within the limitation of twelve months. Ib. p. 249, § 37. 2d. It is questioned, whether or not the State, under the facts of the case, was entitled to an appeal. The New Constitution, pointing out the appellate jurisdiction of this court, provide, that it shall be exercised in criminal cases, upon questions of law alone, whenever the punishment of death or hard labor may be inflicted, etc. Con. tit. 4, art. 63. But if the court consider this objection as not well taken, it may be asked, what can the State expect by your entertaining the appeal? This court decided, in the case of *State* v. *Desmond et al.* 5th Ann. 398, " that where a prisoner was indicted for murder, and the jury found him guilty of manslaughter, (an analogous case,) upon a new trial, he cannot be again tried for murder." If this case were sent back, and an indictment for manslaughter found, the only alternative left by the decision of the court, then the limitation upon which the judgment of the court below was arrested, would with equal force apply, and the prosecution would, upon such plea, necessarily abate. Inasmuch as the appeal comprehends nothing that, in any ulterior proceedings, would vindicate the State or secure the purposes of justice, there is no reason in maintaining it. 3d. By the decision of the judge *a quo*, the prisoner was discharged, and as no showing exists in the record by which he was legally reduced again to custody, this court may presume that his present confinement is illegal and irregular. There is no order for commitment, no warrant of arrest, no legal authority to hold him in restraint, and none of the principles justifying an arrest, without these formalities can apply. The motion granting his discharge was absolute and unqualified, and placed him in the possession of his liberty as fully as an acquittal by the jury, and in the absence of any proof of regular authority to hold him in custody, this court will render a judgment that the court below should order his discharge. If the plea of a former acquittal does not apply in fact, it clearly does in spirit, and all those principles diffused throughout the body of criminal jurisprudence, regarding the sacredness of personal liberty, the jealousy with which enlightened law looks upon its slightest infringement, and the certainty and exactness required in all proceedings which deprive an individual of it, may be successfully invoked under the facts of this case.

The judgment of the court was pronounced by

PRESTON, J. The prisoner was prosecuted for the murder of *Mathew Gray*. The indictment was found by the grand jury of the parish of Tensas, on the 1st of October, 1849. The murder was charged to have been committed on the 10th day of August, 1848, or more than a year before the indictment was found. The prisoner was found guilty of manslaughter. He moved an arrest of judgment, that the bill of indictment was not found within one year after the offence was committed. The judgment was arrested, and the State has appealed.

The 37th secton of the act of the Territorial Legislature, approved the 4th of May, 1805, prescribes, that "no person shall be prosecuted, tried or punished for any offence, willful murder, arson, robbery, forgery and counterfeiting excepted, unless the indictment or presentment for the same be found or exhibited within one year next after the offence shall be done or committed." B. and C. Dig.

The indictment upon which the prisoner was about to be punished was found more than a year after the offence was committed, and he was about to be punished for the offence of manslaughter, not one of the crimes excepted from the limitation by the statute. He could not, therefore, be punished for manslaughter on that indictment, and the judgment was properly arrested.

The judgment is affirmed.