STATE OF CONNECTICUT *v.* ANTHONY R. LASELVA

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and FITZGERALD, Js.

Argued March 9—decided June 6, 1972

*Francis M. McDonald,* state's attorney, with whom, on the brief, was *Walter H. Scanlon,* assistant state's attorney, for the appellant (state).

*John P. McKeon,* for the appellee (defendant).

LOISELLE, J. On October 21, 1970, the defendant was presented in the Superior Court for New Haven County at Waterbury on an information in two parts. The defendant demurred to the information on the ground that the crimes charged in part I are misdemeanors which, pursuant to the provisions of § 54-193 of the General Statutes, must be prosecuted "within one year next after the offense has been committed."[1] It is unquestioned that the information is dated October 21, 1970, and the crimes charged are alleged to have occurred from May 1, 1968, to and including January 14, 1969, more than one year prior to, but within five years of, the date of the information.

The trial court sustained the demurrer, the state did not plead over, and judgment was rendered for the defendant. The state, pursuant to § 54-96 of the General Statutes, appealed from the decision of the trial court sustaining the demurrer. In reviewing a ruling on demurrer, this court will consider the whole record; *Joseph Rugo, Inc.* v. *Henson,* 148 Conn. 430, 434, 171 A.2d 409; *White* v. *Avery,* 81 Conn. 325, 328, 70 A. 1065; Maltbie, Conn. App. Proc.

---

[1] In the case at bar, the demurrer raised a defense based on the Statute of Limitations. Because we hold that the statute is not a good defense in this action, at least prior to the determination of part II of the information, we do not reach the question whether a defense based on the statute is available on a demurrer in a criminal proceeding. See *Vilcinskas* v. *Sears, Roebuck & Co.,* 144 Conn. 170, 171, 172, 127 A.2d 814; *Radezky* v. *Sargent & Co.,* 77 Conn. 110, 114, 58 A. 709; 4 Wharton, Criminal Law and Procedure § 1872; note, 61 A.L.R.2d 300.

§ 65; and treat as admitted the factual allegations of the pleading to which it is addressed. *McAdam* v. *Sheldon*, 153 Conn. 278, 282, 216 A.2d 193.

Part I of the information alleged that the defendant committed the crimes of pool selling and conspiracy to commit pool selling in violation of §§ 53-295 and 54-197 of the General Statutes. A first offender under § 53-295 would be guilty of a misdemeanor and could be "imprisoned not more than one year." The crime of conspiracy under § 54-197[2] would also be treated as a misdemeanor and imposes the same punishment as § 53-295. Both crimes being misdemeanors, they are subject to the one year Statute of Limitations.[3]

Part II of the information alleges that the defendant was convicted in 1950 of a violation of § 8672, Revision of 1949, the predecessor to General Statutes § 53-295. If the defendant were found to have committed the violation alleged in part I and found to have been convicted as alleged in part II, he would be a second offender under the statute and subject to greater punishment than a person who had committed the same offense for the first time. Section 53-295 requires that a second offender "be imprisoned not less than thirty days nor more than

[2] "[General Statutes] Sec. 54-197. CONSPIRACY. . . . [I]f the crime which is the object of such combination, confederation or agreement is a misdemeanor, such person shall be subject to the same penalty as is provided by statute for the commission of the misdemeanor."

[3] "[General Statutes] Sec. 54-193. LIMITATION OF PROSECUTIONS FOR VARIOUS OFFENSES. No person shall be prosecuted for treason against this state, or for any crime or misdemeanor of which the punishment is or may be imprisonment in the State Prison, except within five years next after the offense has been committed; nor shall any person be prosecuted for the violation of any penal law, or for other crime or misdemeanor, except crimes punishable by death or imprisonment in the State Prison, but within one year next after the offense has been committed."

three years." Under General Statutes § 54-121, a person to be imprisoned for more than one year may be sentenced to the state prison. Punishment imposed pursuant to § 53-295 may, therefore, be imprisonment in the state prison when, but only when, a defendant has been found to have violated the statute, as alleged in part I of the information, and to have been previously convicted of a similar violation, as alleged in part II of the information. The statute which governs the time limitations for prosecutions, § 54-193, provides that a person must be prosecuted for crimes punishable by imprisonment in the state prison within five years of the commission of his offense.

In *State* v. *Reilly,* 94 Conn. 698, 702, 110 A. 550, we first discussed the effect of the Indeterminate Sentence Act which provided for different degrees of criminality with reference to the same criminal offense and held that, by force of the statute, previous convictions are to be considered in determining penalty. That case established that allegations of previous convictions do not create a new or different crime, but relate to penalty only; as such, they must be incorporated in the information. Shortly thereafter, *State* v. *Ferrone,* 96 Conn. 160, 113 A. 452, determined the method for including these allegations: Part I of the information would allege the commission of the current violation; part II would allege the prior conviction. The trier of fact would determine the factual questions of part I, without knowledge of part II. Should the trier determine the defendant to have committed the current offense charged, he would then be informed of the allegations of part II. Only then would he determine whether the defendant had in fact been convicted of a prior offense. This procedure insures a

fair judgment of whether the defendant committed the current offense with which he is charged. The trier cannot be influenced by the fact that the defendant had been convicted of similar crimes before.[4]

*State* v. *Delmonto,* 110 Conn. 298, 147 A. 825, made it clear that the allegations of prior offenses in part II of an information affect penalty only and are part and parcel of one information so that, if these allegations are not included in the information charging the crime, they are ineffective and cannot be alleged in a separate information. In *State* v. *Holloway,* 144 Conn. 295, 130 A.2d 562, we reiterated that a prosecution for a current offense by a prior offender is a prosecution for one crime in one information, but which involves different penalties depending on proof of the allegations of prior offenses in part II of the information. In *State* v. *Grady,* 153 Conn. 26, 211 A.2d 674, it was again recognized that a prosecution involving a two-part information, although requiring two separate procedures, is a prosecution under one information.

The difficulty, if there is a difficulty, in determining the effect of a two-part information is recognizing that the information does not charge one crime in the first part and a second crime in the second part, but that only one information charging one crime is involved. In a two-part information, the proof of part I relates only to the commission of

---

[4] Our procedure has been praised repeatedly for its fairness to defendants. See *Spencer* v. *Texas,* 385 U.S. 554, 567, 87 S. Ct. 648, 17 L. Ed. 2d 606, rehearing denied, sub. nom. *Bell* v. *Texas,* 386 U.S. 969, 87 S. Ct. 1016, 18 L. Ed. 2d 125; *Lane* v. *Warden,* 320 F.2d 179, 183 (4th Cir.); *Higgins* v. *State,* 235 Ark. 153, 159, 357 S.W.2d 499, dicta rejected in *Miller* v. *State,* 239 Ark. 836, 841, 394 S.W.2d 601; *Heinze* v. *People,* 127 Colo. 54, 58–59, 253 P.2d 596; *People* v. *Sickles,* 156 N.Y. 541, 545, 51 N.E. 288.

the crime charged, wholly unrelated to penalty; not until part II of the information has been determined does the penalty attach to the crime proven under part I.

Section 53-295 provides that any person who illegally engages in activities associated with pool selling "on the first conviction shall . . . be imprisoned not more than one year . . . ; and on a second or subsequent conviction shall . . . be imprisoned not less than thirty days nor more than three years." Obviously the section provides punishment liability which differs according to the status of the defendant as a first or subsequent offender. As we have indicated, the line of cases emanating from *State* v. *Ferrone,* supra, requires a full judicial proceeding of part II of an information to make that determination. Until this proceeding is concluded, the maximum punishment to which the defendant may be liable is three years' imprisonment. The provisions of § 54-193 require, therefore, that he be prosecuted within five years of his offense. Once the part II proceeding is concluded, it may be found that the defendant is not a subsequent offender. Should that be the result of the proceeding, he is then liable to a maximum term of imprisonment of only one year. The provisions of § 54-193 require, therefore, that he be prosecuted within one year of his offense. If the information was not brought within that period, prosecution for his offense is precluded and the information should be dismissed. To hold otherwise would be to nullify the one-year Statute of Limitations for first-offense pool selling by allowing conviction for that offense indirectly, through a prior conviction allegation, when it could not be done directly. *Drott* v. *People,* 71 Colo. 383, 384, 206 P. 797; *State* v. *Cobbs,* 7 La. Ann. 107, 108; see *Chaifetz*

v. *United States,* 288 F.2d 133, 135 (D.C. Cir.), reversed in part on other grounds, 366 U.S. 209, 81 S. Ct. 1051, 6 L. Ed. 2d 233, rehearing denied, 366 U.S. 955, 81 S. Ct. 1901, 6 L. Ed. 2d 1247; 22 C.J.S., Criminal Law, § 225 (1), p. 582.

There is error, the judgment is set aside and the case is remanded with direction to overrule the demurrer.

In this opinion HOUSE, C. J., RYAN and SHAPIRO, Js., concurred; FITZGERALD, J., dissented.