STATE OF CONNECTICUT *v.* GREGORY RALPH
(6699)

BORDEN, STOUGHTON and NORCOTT, Js.

Argued October 19, 1988—decision released January 3, 1989

---

[2] This answer was verified by the court reporter.

*Joseph G. Bruckmann,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.,* deputy assistant state's attorney, with whom, on the brief, was *Peter Markle,* assistant state's attorney, for the appellee (state).

BORDEN, J. The defendant appeals from the judgment of conviction, after a jury trial, of conspiracy to commit robbery in the second degree in violation of General Statutes §§ 53a-135 (a) (2) and 53a-48. The conviction stemmed from an attempted robbery at a convenience store. The sole issue is whether, because the defendant neither filed a request to charge nor excepted to the charge as given, the trial court's instructions regarding the testimony of an accomplice constituted plain error.[1] We conclude that the court's instruction on accomplice testimony is not reviewable under the plain error doctrine.

The defendant's conviction was based largely on the testimony of Bertha Tripp, an accomplice, who pleaded guilty to attempt to commit robbery, and agreed to testify against the defendant as a condition of her sentence. Tripp testified that she attempted the robbery pursuant to an agreement with the defendant, who supplied her with a gun and drove her to the convenience store. The defendant admitted knowing Tripp

---

[1] The defendant suggests in his brief, but not at oral argument in this court, that his claim is also reviewable under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973). This suggestion is disposed of by *State* v. *Brown,* 187 Conn. 602, 613, 447 A.2d 734 (1982) (failure to give accomplice credibility instruction does not involve violation of constitutional right).

and admitted driving her to the store, but denied giving her the gun and denied knowing that she was going to attempt to commit a robbery.

The defendant's sole claim is that the inadequacy of the court's instructions[2] to the jury regarding the credibility of Tripp's testimony constituted plain error. He argues that, although the court discussed Tripp's bias or interest resulting from her bargain with the state; see *State* v. *Shindell,* 195 Conn. 128, 142 n.7, 486 A.2d 637 (1985); it did not adequately discuss that aspect of the unreliability of accomplice testimony stemming from the status of the witness as a self-confessed criminal. Id.

Ordinarily, review under the plain error doctrine of Practice Book § 4185 " 'is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings' "; *State* v. *Bell,* 13 Conn. App. 420, 427–28, 537 A.2d 496 (1988), quoting *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985); and resulting in an unreliable verdict or a miscarriage of justice. *Barca* v. *Barca,* 15

---

[2] The instructions in question were as follows: "You have heard this evidence that Bertha Tripp, an admitted accomplice, as a condition of her sentence [stated that] she would testify against the defendant in this case. And if you believe she was induced to testify in this case by any promise or reward, you, the jury, must take such fact into consideration in determining what weight should be given to her testimony. And you should closely scrutinize her testimony in assessing her credibility, keeping in mind any bias, interest or motive she had in testifying. Should you determine that a witness had an interest, that need not mean he or she has not told the truth. You must decide from the way the witness acts on the stand, how he or she measures up, in your own experience of judging people in everyday affairs. Whether the interest is likely, unintentionally or otherwise, to color the testimony, you are at liberty, if you so decide, to disbelieve the testimony or to believe some of it and reject other parts or to believe every bit of it."

Conn. App. 604, 606, 546 A.2d 887 (1988).[3] In *State v. Edwards,* 201 Conn. 125, 156–58, 513 A.2d 669 (1986), our Supreme Court rejected a properly preserved claim of error very similar to that presented as plain error by the defendant in this case. A fortiori, the defendant has failed to establish that his claim meets the standard for plain error review.

There is no error.

In this opinion the other judges concurred.

---

[3] A separate strand of the plain error doctrine, involving the proper development of the law of the state; see *Daley* v. *Gaitor,* 16 Conn. App. 379, 383, 547 A.2d 1375 (1988); is not involved here.