## State of Connecticut *v.* Roger Henry Brunori
## (7129)

Borden, Spallone and O'Connell, Js.

Argued December 20, 1989—decision released April 24, 1990

*Roger Brunoni,* pro se, the appellant (defendant).

*Mary H. Lesser,* deputy assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, *Richard Palumbo,* deputy assistant state's attorney, and *Eric Higgins,* legal intern, for the appellee (state).

BORDEN, J. The defendant appeals from the judgment of conviction, after a court trial, of larceny in the fifth degree in violation of General Statutes § 53a-125a, and of being a persistent larceny offender in violation of General Statutes § 53a-40 (c).[1] Pursuant to General Statutes § 53a-40 (h),[2] the court sentenced the defendant to serve five years on the persistent larceny offender conviction. The defendant raises five claims of error regarding his persistent larceny offender conviction, and one claim of error regarding the transcript with which he was furnished for this appeal. We find no error.

The defendant's claims addressed to the persistent larceny offender conviction arise out of the following procedural context.[3] On February 8, 1988, the defendant appeared in court following a shoplifting incident

[1] General Statutes § 53a-40 (c) provides in pertinent part: "A persistent larceny offender is a person who (1) stands convicted of . . . larceny in the fourth, fifth or sixth degree and (2) has been, at separate times prior to the commission of the present larceny, twice convicted of the crime of larceny."

[2] General Statutes § 53a-40 (h) provides in pertinent part: "When any person has been found to be a persistent larceny offender, and the court is of the opinion that his history and character and the nature and circumstances of his criminal conduct indicate that extended incarceration will best serve the public interest, the court, in lieu of imposing the sentence authorized by section 53a-36 for the crime of which such person presently stands convicted, may impose the sentence of imprisonment for a class D felony . . . authorized by section 53a-35a, if the crime of which such person presently stands convicted was committed on or after July 1, 1981."

[3] Many of the "facts" that the defendant recites in his brief and purports to document in his appendix are not contained in the record. We confine our consideration to those facts in the record.

and the state filed an information charging him with larceny in the fifth degree in violation of General Statutes § 53a-125a. When the case was called, the public defender entered a plea of not guilty "[o]n his behalf," and requested a one day continuance. The court, *Hartmere, J.,* continued the case to the next day, February 9, 1988, for a pretrial conference. After that conference, the court, *Damiani, J.,* continued the case to February 16, 1988.

On February 23, 1988, the state filed a second part of the information, commonly referred to as a Part B information, charging the defendant with being a persistent larceny offender. This information charged the defendant with two prior convictions of larceny in the sixth degree. The clerk certified on the information that on February 23, 1988, at 10:59 a.m., in the courtroom, the defendant was advised of the contents of the Part B information.[4] After the state declared that it was ready to proceed, Judge Damiani asked whether the defendant had been advised of the persistent larceny offender charge under the Part B information. The state responded that the defendant had been so advised, and the defendant pleaded not guilty to that charge.[5]

---

[4] The clerk's certification in the record provides as follows:

"CERTIFICATION

This is to certify that before the commencement of the trial of the aboved named Defendant on/the above named Defendant entered a Plea of Guilty to (DELETE ONE) the First Part of the Information, said Defendant was informed, in the absence of the Judicial Authority, of the contents of this Second Part of the Information and that upon conviction on First and Second Parts of the Information, the Judicial Authority may treat him as a Persistent Larceny Offender and subject him to a possible sentence of imprisonment of not less than one (1) year and not more than five (5) years and/or fined not more than Five Thousand ($5,000.00) Dollars pursuant to Section 53a-40 (h) of the Connecticut's General Statutes.

2/23/88 @ 10:59 A.M.                    (Signature Illegible)

Date & Time CT RM D          Assistant Clerk of said Court"

[5] The transcript discloses that the court asked the defendant, "Plead not guilty to that charge?" and the defendant answered, "Yes, Your Honor."

Judge Damiani continued the matter to March 1, 1988, and assigned it to Judge Hartmere for trial. The defendant then objected to the filing of the Part B information on the ground that he had already pleaded to the larceny charge. Because the trial had not yet started, the court overruled the objection. On March 3, 1988, the defendant moved to dismiss the charges, challenging the constitutionality of the persistent larceny offender statute.

On March 10, 1988, the state filed a substitute Part B information, alleging two different prior larceny convictions, namely, a conviction for larceny in the sixth degree, on or about January 22, 1986, at Bridgeport, and a conviction of larceny in the fourth degree, on or about November 17, 1980, at Bridgeport. The clerk's certification in the record discloses that on March 10, 1988, at 2:55 p.m., pursuant to Practice Book § 648, outside the courtroom, the clerk advised the defendant of the contents of the Part B information.

On the trial date, March 15, 1988, Judge Hartmere heard the defendant's motion to dismiss. In addition to his constitutional challenge to General Statutes § 53a-40 (h), the defendant argued that he was not advised of the contents of the first Part B information "in the absence of the judicial authority," as required by Practice Book § 648,[6] and that the state was not entitled to file a Part B information after he pleaded not guilty on February 8, 1988. The court ruled that the defendant had not met his burden of establishing

---

[6] Practice Book § 648, regarding an information alleging a former conviction pursuant to Practice Book § 619, provides: "Prior to the time the defendant enters a guilty plea or, if the defendant pleads not guilty, prior to the commencement of trial, the clerk shall notify the defendant, in the absence of the judicial authority, of the contents of the second part of the information. The clerk shall enter on the docket the time and place of the giving of such notification and, where necessary, shall include entry thereof in the judgment file."

that General Statutes § 53a-40 (h) was unconstitutional. With respect to the defendant's claims that Practice Book § 648 had been violated, the court declined to find whether there was any such violation, but found that, in any event, the defendant had not been prejudiced by the alleged violation.[7] The court denied the motion to dismiss.

Thereafter, the defendant was tried to the court under the first part of the information. After the court found him guilty of larceny in the fifth degree, the defendant was put to plea on the March 10, 1988 Part B information. He pleaded not guilty, a court trial was held, and the defendant was convicted. This appeal followed.

The defendant first claims that Judge Damiani erred by wrongfully intervening in the prosecutorial function. The defendant argues that on February 23, 1988, the court instigated the original Part B information in retaliation for his refusal to accept a coercive plea bargain, and that the court improperly put the defendant to plea on that information in violation of Practice Book § 647.[8] The defendant claims review under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973). See *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989).

[7] While this appeal was pending, the defendant moved for rectification of the appeal pursuant to Practice Book § 4051, requesting the trial court to find that, with respect to the first Part B information, filed on February 23, 1988, the defendant was advised by the clerk in the courtroom while the court, *Damiani, J.,* was in session. The court, *Hartmere, J.,* again declined to make such a finding because the defendant was ultimately presented before a different judge on the substitute Part B information, and the clerk had properly advised the defendant of the contents of that information.

[8] Practice Book 647 provides as follows: "Where the information is in two parts pursuant to Sec. 619 and alleges, in addition to the principal offense charged, a former conviction or convictions, the plea and the election of a method of trial shall first be taken only on the first part of the information."

The short answer to this claim is that there is absolutely no trace in this record of any such instigative or vindictive conduct by Judge Damiani.[9] See *State* v. *Golding,* supra, 239. The defendant has not established any such constitutional violation. Id., 240. Although the defendant should not then have been put to plea on the February 23 Part B information under Practice Book § 647, it is clear that he was not prejudiced or unfairly surprised by that violation of the rules of practice; see *State* v. *Servello,* 14 Conn. App. 88, 98–99, 540 A.2d 378, cert. denied, 208 Conn. 811, 545 A.2d 1107 (1988); because ultimately the state proceeded before a different trial judge under a substitute Part B information filed on March 10, 1988, about which he was properly advised.

This conclusion also disposes of the defendant's second claim of error, namely, that the clerk improperly advised him of the contents of the February 23 Part B information in the presence of the judicial authority. See Practice Book § 648. Even if we were to assume

---

[9] The transcript of the entire court proceedings on February 23, 1988, is as follows:

"Mr. Eisenman [assistant state's attorney]: Your Honor, I have the matter of Roger Brunori. Mr. Brunori, I've been told, is on the A pretrial, 8, 9, 10, 11, 12, 13, 14, and 15.

"The Clerk: Also two motor vehicle.

"The Court: Okay.

"Mr. Eisenman: The files, I guess, are ready to go forward, Your Honor.

"The Court: He's been advised as far as—

"Mr. Eisenman: Persistent offender, yes, Your Honor.

"The Court: Part B, being a persistent larceny offender, what is his plea?

"Ms. Henry [special public defender]: I don't know that he has been advised.

"Mr. Eisenman: He has been advised.

"Ms. Henry: Yes, he has?

"The Court: Plead not guilty to that charge?

"The Defendant: Yes, Your Honor.

"The Court: Okay, the matter is going to be set down for a week from today, March 1. They will be assigned to Judge Hartmere for trial. The mittimus should be marked that Mr. Brunori is to be here at 10 a.m. as he is on trial so he should be on the first bus out of North Avenue.

that, contrary to the clerk's certification; see footnote 4, supra; the advisement was done in the presence of the judicial authority, the defendant suffered no prejudice in this case.

The defendant next claims that the court erred by permitting the state to file the substitute Part B information and proceed to trial thereon. In *State* v. *Servello,* supra, 98, we held that the state "may amend an information to include a Part B persistent offender count prior to the commencement of trial, subject of course, to appropriate action of the trial court upon motion of the defendant." The same principle permits the state to file a substitute Part B information before commencement of trial. The state has broad authority to amend an information without leave of court prior to the commencement of the trial, subject to the court's authority upon motion of the defendant to strike any such amendment in order to protect the defendant's substantive rights. Practice Book § 623; *State* v. *Huff,* 10 Conn. App. 330, 345, 523 A.2d 906, cert. denied,

"The clerk advised him. Dotti Cleeg advised him.

"Ms. Henry: Okay, Mr. Brunori objects to the filing of a substitute information alleging a new charge on the grounds that he has previously pled to the charge, and he challenges the—

"The Court: That he's pled not guilty, you mean?

"Ms. Henry: That he has already pled on the larceny charge.

"The Court: Okay, he may have had more grounds to that if the jury was already picked and you were ready to start the trial. At this point in time they've filed a Part B, you've entered your not guilty pleas, so if you are objecting to that your objection is overruled. You can have an exception. You know the case is going to be on trial next Tuesday before Judge Hartmere. Mr. Brunori should be here at 10 o'clock, and you will start picking the jury at 10 o'clock before Judge Hartmere, I believe, in courtroom 3A.

"Ms. Henry: And, that trial will start on—

"The Court: Tuesday.

"Ms. Henry: —Tuesday on docket number 22003? That's the correct file that we are starting on?

"Mr. Eisenman: I believe that's the file, Your Honor.

"Ms. Henry: Okay.

"The Court: The Jordan Marsh one. The allegations are about the suits.

"Ms. Henry: Thank you."

203 Conn. 809, 525 A.2d 523 (1987). The defendant did not move to strike the substitute Part B information. There is no basis, therefore, for this claim.

The defendant next argues that he was subjected to prosecutorial vindictiveness when the state filed the persistent larceny offender charge after he refused to plead guilty to several other unrelated charges. There is nothing in the record to support these assertions.

The defendant also claims that his conviction of being a persistent larceny offender is invalid because General Statutes § 53a-40 (h) is unconstitutional. As best we can discern, he argues that because his underlying larceny conviction was a misdemeanor, the legislature could not have intended to permit a felony sentence to be imposed for that conviction. To the extent that his argument is based on statutory construction, General Statutes § 53a-40 (h) clearly and unambiguously authorizes a class D felony sentence for violations of the persistent larceny offender statute. To the extent that his argument is based on constitutional grounds, *State* v. *Williams,* 173 Conn. 545, 557, 378 A.2d 588 (1977), controls.

The defendant's final argument is that he has been denied due process of law in prosecuting this appeal because the transcripts of the trial court proceedings on February 23, 1988, and March 10, 1988, are incomplete, and "by design" do not include factual matters that he claims to be matters of record. The transcripts in question have been certified to be accurate by the court monitor and court reporter involved, there is nothing in this record to suggest to the contrary, and the defendant's unsupported assertions are wholly insufficient to lead us to conclude otherwise.

There is no error.

In this opinion the other judges concurred.