STATE OF CONNECTICUT *v.* ANDREW PATTERSON
(8443)

DUPONT, C. J., SPALLONE and DALY, Js.

Argued September 11—decision released October 16, 1990

*A. Paul Spinella,* with whom, on the brief, was *David Tilles,* for the appellant (defendant).

*Leon F. Dalbec, Jr.,* deputy assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *John Malone,* assistant state's attorney, for the appellee (state).

---

[2] Apparently, a habeas corpus ad testificandum was issued for Gilchrist, but he refused to testify.

PER CURIAM. The defendant appeals from the trial court's imposition of the maximum term of twenty years subsequent to the defendant's guilty plea to manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3). On appeal, the defendant first claims that the trial court did not comply with the plea agreement between the defendant and the state. Second, the defendant claims that the trial court violated General Statutes § 54-91c by permitting persons other than the victims' families to testify at the sentencing hearing and by allowing improper testimony concerning the victims, thereby violating the defendant's federal and state constitutional rights to due process, and the defendant's state constitutional rights under article first, § 9, of the Connecticut constitution by imposing a sentence not "clearly warranted by law." The defendant made no objection before the trial court and now makes these claims for the first time, thus seeking review under the *Evans-Golding* criteria; *State* v. *Golding,* 213 Conn. 233, 239–40, 576 A.2d 823 (1989); *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973); or the plain error doctrine. Practice Book § 4185.

The defendant's first claim, even if reviewable, is without merit because the record discloses that the plea agreement was completely honored by the trial court. The defendant's second claim raises evidentiary issues couched in constitutional terms that do not merit review; see *State* v. *Ryan,* 18 Conn. App. 602, 605, 559 A.2d 1156 (1989); and raises an issue of a violation of General Statutes § 54-91c that also does not merit review in its unpreserved state. See *State* v. *Williams,* 205 Conn. 456, 464, 534 A.2d 230 (1987). Finally, the defendant's claims do not challenge actions that affected the fundamental integrity and fairness of the sentencing proceeding. See *State* v. *Ralph,* 17 Conn. App. 247, 249, 551 A.2d 774 (1989).

The judgment is affirmed.