STATE OF CONNECTICUT *v.* GARY L. PARKER
(9746)

DUPONT, C. J., SPALLONE and HEIMAN, Js.

Argued June 7—decision released September 3, 1991

*B. Paul Kaplan,* with whom, on the brief, was *Marguerite T. Friar,* for the appellant (defendant).

*Carolyn K. Longstreth,* assistant state's attorney, with whom, on the brief, was *Mark Solak,* state's attorney, for the appellee (state).

DUPONT, C. J. The defendant appeals from the judgment of conviction of one count of assault in the first degree in violation of General Statutes § 53a-59 (a) (3). The defendant claims that the trial court should not have denied his motion to strike a substitute information which added that charge after a prior mistrial on an assault charge arising out of the same incident and brought under a different subdivision of the assault statute. We affirm the trial court's judgment.

It is essential to an understanding of the issue presented by this appeal to describe the procedural background leading to the defendant's conviction. By information dated October 11, 1988, the defendant was charged with assault in the first degree in violation of General Statutes § 53a-59 (a) (1).[1] The jury was unable to reach a verdict on that charge, and the trial court, *Shaughnessy, J.,* declared a mistrial (hereinafter first trial).[2] On August 29, 1990, the state filed a substitute

[1] General Statutes § 53a-59 (a) provides in part: "A person is guilty of assault in the first degree when: (1) with intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

[2] The defendant thereafter sought to bar his retrial on the charge of assault in the first degree in violation of General Statutes § 53a-59 (a) (1), claiming that further prosecution for that offense violated his double jeopardy rights. That motion was denied, and no double jeopardy claim is raised by the defendant in this appeal.

information that added the charge of assault in the first degree in violation of § 53a-59 (a) (3).[3] The trial court, *Potter, J.,* denied the defendant's motion to strike the substitute information, and, after a trial to the court, he was acquitted of intentional assault under § 53a-59 (a) (1), but was found guilty of reckless assault under § 53a-59 (a) (3) (hereinafter second trial).

We must first determine which section of our rules of practice controls the defendant's challenge to the substitute information. Practice Book §§ 623[4] and 624[5] regulate whether the state is permitted to amend an information. "If the amendment of the information [is] made before the commencement of the trial, Practice Book § 623 [will] govern, but if the amendment [is] made after the commencement of the trial, Practice Book § 624 [will] apply." *State* v. *Cole,* 8 Conn. App. 545, 549, 513 A.2d 752 (1986).

Although the defendant argues, in his brief, that neither provision applies to the circumstances of this case "because the substitute information was filed . . . after the first trial and before the second trial," he relies

---

[3] General Statutes § 53a-59 (a) provides in part: "A person is guilty of assault in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person."

[4] Practice Book § 623 provides: "If the trial has not commenced, the prosecuting authority may amend the information, or add additional counts, or file a substitute information. Upon motion of the defendant, the judicial authority, in his discretion, may strike the amendment or added counts or substitute information, if the trial or the cause would be unduly delayed or the substantive rights of the defendant would be prejudiced."

[5] Practice Book § 624 provides: "After commencement of the trial for good cause shown, the judicial authority may permit the prosecuting authority to amend the information or indictment at any time before a verdict or finding if no additional or different offense is charged and no substantive rights of the defendant would be prejudiced. An amendment may charge an additional or different offense with the express consent of the defendant."

on cases that interpret Practice Book § 624. Essentially, the defendant argues that once the first trial began, any subsequent amendments to the information occurred "[a]fter commencement of the trial," notwithstanding the intervening mistrial. The state, on the other hand, urges us to examine the facts of this case under Practice Book § 623. We conclude that the provisions of § 623 apply where the state seeks to amend the information or file a substitute information after a mistrial and before a retrial.

A mistrial where a jury has been unable to reach a verdict terminates a trial but leaves the criminal proceedings unresolved. See *Arizona* v. *Washington,* 434 U.S. 497, 505, 98 S. Ct. 824, 54 L. Ed. 2d 717 (1978). Upon mistrial, the criminal prosecution is returned to the pretrial stage. The defendant after the mistrial, therefore, was in the position of one who awaits the commencement of trial. This conclusion does not undermine the due process concerns of §§ 623 and 624 "to protect a defendant's right to fair and adequate notice of the charges against him so as to afford him an opportunity to prepare an adequate defense." *State* v. *Cole,* supra, 550. Not only did the substitute information in this case give the defendant sufficient notice of the additional charge against him prior to the commencement of the second trial, but the defendant relied on the same defense of self-defense at both trials.

Section 623 allows the trial court to "strike the . . . substitute information, if the trial or the cause would be unduly delayed or the substantive rights of the defendant would be prejudiced." Our focus now turns to whether the challenged substitute information prejudiced the substantive rights of the defendant.[6] See *State* v. *Brunori,* 21 Conn. App. 331, 337, 574 A.2d 222

---

[6] The defendant does not contend, and the record does not show, that the challenged amendment of the information unduly delayed the trial. We do not, therefore, address this aspect of Practice Book § 623.

(1990); *State* v. *Servello,* 14 Conn. App. 88, 98, 540 A.2d 378, cert. denied, 208 Conn. 811, 545 A.2d 1107 (1988); *State* v. *Huff,* 10 Conn. App. 330, 345, 523 A.2d 906, cert. denied, 203 Conn. 809, 525 A.2d 523 (1987). The fact that there was a mistrial and the circumstances surrounding that mistrial may very well be relevant to the § 623 inquiry of whether "the substantive rights of the defendant would be prejudiced" by the amendment to the information.

The defendant claims that he was prejudiced by the substitute information in that "the state learned from the first trial that it had insufficient evidence that the defendant intentionally assaulted the alleged victim" and therefore "amended the information to include the 'reckless assault' charge." The defendant claims prejudice to his defense "because the crime of reckless assault is not a lesser included offense of intentional assault and requires proof of additional elements beyond those required by intentional assault." The state, on the other hand, argues that there was no prejudice to the defendant because "[t]he trial court gave full consideration to his claim of self-defense as it related to the offense of reckless assault."

We agree with the state that the defendant's opportunity to prepare his defense was not impaired by the amendment. The fact that the defendant was then required to defend against a new charge is not prejudicial where the new offense charged was not significantly different than the charge already faced by the defendant, where the defendant had sufficient time to refine his preparation for trial and where the defendant intended to offer the same defense of self-defense to both charges. *State* v. *Huff,* supra, 346.

The judgment is affirmed.

In this opinion the other judges concurred.