[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
On June 19, 1991, the Defendant was arrested by warrant and charged with the crime of murder in violation of General Statutes § 53a-54a. Jury trial on that charge commenced on October 13, 1992. On December 2, 1992 the Court (Pickett, J.) declared a mistrial under Practice Book § 889 (hung jury) when the jury was unable to reach a verdict.
Thereafter, under date of July 26, 1994, the State filed a substitute information charging the Defendant with five counts of Tampering with Physical Evidence in violation of General Statutes § 53a-155(a) in addition to the charge of murder. The parties have stipulated that information upon which these charges are based was in part available to the State prior to the inception of the first trial and in part resulted from testimony of the Defendant at that trial. Defendant has moved to dismiss the five tampering counts.
The Defendant first asserts that the filing of these additional charges violates the constitutional principles of double jeopardy and due process of law. The double jeopardy proscription of the fifth amendment to the United States constitution applies to the states through the due process clause of the fourteenth amendment.Benton v. Maryland, 395 U.S. 784, 787 (1969). Although the Connecticut constitution does not include a specific double jeopardy prohibition, the due process guarantee of article first, § 9 encompasses protection against double jeopardy. Aillon v. Manson, 201 Conn. 675, 677-78 n. 2 (1986). CT Page 10351
The rules relating to double jeopardy are summarized in State v. Ford, 33 Conn. App. 143, 145-46 (1993) and cases cited therein. Basically, a double jeopardy issue involves either (1) successive prosecutions for the same offense after either acquittal or conviction, or (2) simultaneous prosecution for two nominally distinct crimes. Double jeopardy is not implicated where, as in this case, retrial results from a mistrial created by a hung jury. Aillon v. Manson, supra, at 201 Conn. 681
n. 5; State v. Aillon, 182 Conn. 124 (1980).
The test for determining whether offenses resulting from the same act or transaction are distinct offenses or constitute one offense for double jeopardy purposes is whether each offense requires proof of a fact which the other does not. Blockburger v. United States, 284 U.S. 299,304 (1932). Under the Blockburger test, "a defendant maybe convicted of two offenses arising out of the same criminal incident if each crime contains an element not found in the other." State v. Vass,191 Conn. 604, 615 (1983). The determination of "whether each offense contains an element not found in the other [is made] by examining only the relevant statute, the information and the bill of particulars, and not the evidence presented at trial. State v. Tweedy, 219 Conn. 489,498 (1991).
The elements of the crime of murder under General Statutes § 53a-54a and those of the crime of tampering under General Statutes § 53a-155(a) are decidedly different. In fact it is possible for a person not charged with the underlying crime to be convicted of tampering. State v. Heinz, 1 Conn. App. 540 (1984).
The thrust of Defendant's argument is that double jeopardy is implicated when evidence of an uncharged crime is made available to the State prior to or during a trial of that defendant for a crime resulting from the same transaction. State v. Lonergan, 213 Conn. 74
(1989), cert. denied, 496 U.S. 905 (1990), held that if the same evidence that had been offered to prove a crime is later used to prove a different crime, prosecution of the second crime is barred on double jeopardy grounds.Lonergan involved an acquittal at the first trial, and is therefore distinguishable from this case in which the CT Page 10352 original charge may permissibly be retried.
Defendant next asserts that the filing of the additional tampering charges is prohibited by Practice Book § 624, which restricts the filing of additional charges "after commencement of the trial." A mistrial where a jury has been unable to reach a verdict terminates a trial but leaves the criminal proceedings unresolved. Upon mistrial the criminal prosecution is returned to the pretrial stage. State v. Parker,25 Conn. App. 619, 622 (1991). For purposes of Practice Book §§ 623 and 624, a criminal trial begins with the voir dire of the prospective jurors. State v. Cole, 8 Conn. App. 545,551-52 (1986). Section 624 does not apply.
Practice Book § 623, regarding amendments to the information prior to trial, does apply. Section 623 allows the court, upon motion of the defendant, to strike the added counts of a substitute information "if the trial or the cause would be unduly delayed or the substantive rights of the defendant would be prejudiced." This implicates a defendant's due process rights to fair and adequate notice of the charges against him so as to afford him an opportunity to prepare an adequate defense.State v. Jacobowitz, 182 Conn. 585, 590-91 (1981). Otherwise, the State has broad authority to amend an information prior to the commencement of trial. State v.Brunori, 21 Conn. App. 331, 337 (1990).
The Court agrees with the State that the substantive rights of the Defendant have not been impaired by the amendment. The tampering charges are incident to the murder charge already faced by the Defendant, the Defendant has had sufficient time to refine his preparation for trial, and the trial has not been delayed by reason of the amendment. State v. Parker, supra, at25 Conn. App. 623. There is nothing in the record to support the Defendant's assertion that the new charges are the result of prosecutorial vindictiveness. State v.Brunori, supra, at 21 Conn. App. 338.
At the inception of the hearing on this motion, the Defendant withdrew paragraph 6 thereof respecting dismissal of the entire information for insufficient evidence or cause pursuant to Practice Book § 815(5) and CT Page 10353 (9) and General Statutes § 54-56. These provisions are inapplicable to this case. Practice Book § 816; State v.Dills, 19 Conn. App. 495 (1985).
The motion to dismiss is denied.
FINEBERG, J.